IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Pittsburgh Division)

| | |
|---|---|
| **Alice Headlee and Marisa Wallace,** *for themselves and on behalf of similarly situated employees*, | |
| Plaintiffs, | |
| v. | Case No. 2:24-cv-00017 |
| **West Virginia United Health System, Inc., and Uniontown Hospital, Inc.** | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by and through their counsel, respectfully submit this Complaint against West Virginia United Health System, Inc., and Uniontown Hospital, Inc., (collectively "Defendants"), and state as follows:

### Cause of Action

1. Plaintiffs are current or former employees of West Virginia United Health System, Inc. ("WVU MEDICINE") and/or its affiliates located in Pennsylvania, including Uniontown Hospital, Inc., and bring this action on behalf of themselves and other employees similarly situated.

2. Plaintiffs bring this action for a declaratory judgment, back pay, liquidated damages and other relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

1

Plaintiffs' FLSA claims are asserted as a collective action under 29 U.S.C. § 216(b), while their PMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23.

### Jurisdiction and Venue

3. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

5. Venue is this Court is proper under 28 U.S.C. § 1391.

### Parties
### Defendants

6. Defendant WVU MEDICINE is a health system operating hospitals, clinics and associated facilities in West Virginia, Ohio, Pennsylvania and Maryland. This action is confined to the system's hospitals, clinics and associated facilities in Pennsylvania.

7. WVU MEDICINE is the parent corporation to an affiliated group of healthcare providing entities that includes Uniontown.

8. Defendant WVU MEDICINE is an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

9. Defendant WVU MEDICINE is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 103 of the PMWA. 43 Pa. Stat. Ann. § 333.103(f). WVU MEDICINE's principal office and place of business is located at 1 Medical Center Drive, Morgantown, WV 26506.

10. Defendant Uniontown Hospital, Inc. ("Uniontown") is an affiliate of WVU MEDICINE and a health care provider operating hospitals, clinics and assorted facilities in

Pennsylvania and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

11.    Defendant Uniontown is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 103 of the PMWA. 43 Pa. Stat. Ann. § 333.103(f). Uniontown's principal office and place of business is located at 500 W Berkeley St, Uniontown, Pennsylvania 15401.

### Defendants Function as Joint Employers or a Single Integrated Enterprise

12.    Defendants function as a single integrated enterprise and a single employer or as joint employers because they jointly set the terms and conditions of employment, have interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control. On information and belief, this includes but is not limited to:

   a. WVU MEDICINE and Uniontown share common ownership and control.
      i. WVU MEDICINE is an organization organized and operated exclusively for the benefit of, to perform the functions of, or to carry out the purposes of one or more publicly supported organizations. It is a supporting organization operated, supervised, or controlled by its supported organizations, including West Virginia University Hospital, Inc.
      ii. West Virginia University Hospital, Inc. is the parent and sole member of Defendant Uniontown.
   b. WVU MEDICINE provides centralized legal, administrative, financial, marketing and human resources services to each affiliated healthcare providing entity, including Uniontown.

3

c. Defendants issue consolidated financial statements, produced and/or production coordinated by WVU MEDICINE.

d. WVU MEDICINE maintains system-wide policies that govern the conduct and compensation of all employees of the affiliated group of healthcare providing entities, including Uniontown.

e. WVU MEDICINE controls the administration of pay policies for employees of Defendants, including policies involved in the overtime violations alleged in this complaint. For example, WVU MEDICINE "Sr. Leadership/Finance" and a WVU MEDICINE "System Compensation Team" control administration of the Critical Staffing Program and Crisis Pay Program described elsewhere in this Complaint.

f. Defendants jointly issue paychecks through WVU MEDICINE.

g. Defendants use a common payroll system.

h. Defendants use a common timekeeping system.

i. WVU MEDICINE controls Uniontown with respect to the overtime pay policies at issue.

j. WVU MEDICINE has final centralized authority over labor relations and agreements with Uniontown's employees' unions are, upon information and belief, frequently signed by the chief executive of WVU MEDICINE.

k. WVU MEDICINE controls recruitment and hiring for all positions held by Plaintiffs and similarly situated employees working for Uniontown.

l. WVU MEDICINE recruits and solicits applications from new employees for all of Defendants by explaining to them that "The West Virginia University Health System, the state's largest health system and largest private employer, operating

    hospitals throughout the state and bordering states. In addition, it includes five institutes, as well as providing management services for other local hospitals through affiliate agreements. Whether you are caring for our patients at one of the critical access hospitals, community sites, regional or academic medical centers, we are all one WVU Health System."

m. WVU MEDICINE maintains a system-wide clinical advancement program to enhance professional development, provide a reward system for quality clinical performance, promote quality nursing, and improve job satisfaction for inpatient direct-care nurses employed by WVU MEDICINE and Uniontown.

n. WVU MEDICINE possesses and exercises the authority to transfer employees, including Plaintiffs and similarly situated employees, from one of the affiliated groups of healthcare entities to another.

o. WVU MEDICINE is party to an Organized Health Care Arrangement with Uniontown and its employees' use and disclosure of protected health information for their joint health care activities.

p. Carrie Willetts, President and CEO of Uniontown, is also WVU MEDICINE's Executive Vice President of Health System Integration and Business Development.

q. Employment records for Uniontown are maintained jointly by WVU MEDICINE and Uniontown.

r. Defendants share a common website at wvumedicine.org.

s. Defendants advertise collectively for purposes of both recruitment and sales.

**Plaintiffs and Similarly Situated Employees**

13.     Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are attached hereto as Exhibit A to this Complaint. These written consent forms set forth each Plaintiff's name and address. If an additional similarly situated employee wishes to become a party plaintiff, his or her consent will be filed with this Court.

14.     Each of the Plaintiffs in this action, and similarly situated employees, while employed by one or more Defendants has been an "employee" within the meaning of the FLSA, 29 U.S.C. Section 203(e)(1), and an "employee" under the PMWA, 43 P.S. § 333.104.

15.     Each of the Plaintiffs and similarly situated employees is a non-exempt employee entitled under Section 7(a) of the FLSA and the PMWA to overtime equal to time and one-half their regular rate of pay for all hours worked over forty (40) in a workweek.

16.     Plaintiff Alice Headlee is and has at all times material to this action been employed by WVU MEDICINE and Uniontown, as separate entities, as joint employers, and as a single enterprise together, as a Licensed Practical Nurse at the Uniontown Hospital in Pennsylvania.

17.     Plaintiff Marisa Wallace is and has at all times material to this action been employed by WVU MEDICINE and Uniontown., as separate entities, as joint employers, and as a single enterprise together, as a Licensed Practical Nurse at the Uniontown Hospital in Pennsylvania.

## FACTS

18.   At all times material herein, Plaintiffs and similarly situated employees have been employed by Defendants.

19.   Plaintiffs and similarly situated employees are provided, in addition to their hourly wage rate, certain other types of remuneration, including but not limited to: Crisis Pay; Longevity Pay; Pull Pay; Resource Pool Pay; Lump Sum Bonus Payments; Sterile Processing Pay; Critical Staffing Extra Shift Bonuses; Retention Bonuses; Recruitment and Referral Bonuses; Signing and Sign-on Bonuses; and payments made via the EVS/Nutrition Incentive Program.

20.   The regular rate is the hourly rate actually paid to an employee for the normal, non-overtime workweek for which he or she is employed and must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of payments excluded by Section 7(e)(1)-(8) of the FLSA, 29 U.S.C. § 207(e)(1-8). The PMWA provides for certain exclusions at Section 105. 43 Pa. Stat. Ann. § 333.105.

21.   In addition to the hourly rate paid to the employee, the regular rate used for the purpose of calculating the amount of overtime due and owing to Plaintiffs and similarly situated employees must also include all remuneration, including but not limited to: Longevity Pay; Pull Pay; Resource Pool Pay; Lump Sum Bonus Payments; Sterile Processing Pay; Crisis Pay; Critical Staffing Extra Shift Bonuses; Retention Bonuses; Recruitment and Referral Bonuses; Signing and Sign-on Bonuses; and payments made via the EVS/Nutrition Incentive Program, none of which are excludable from the regular rate by Section 7(e)(1-8) of the FLSA, 29 U.S.C. § 207(e)(1-8), or the PMWA, 43 Pa. Stat. Ann. § 333.105.

22.     Defendants do not include all remuneration –including but not limited to: Crisis Pay; Longevity Pay; Pull Pay; Resource Pool Pay; Lump Sum Bonus Payments; Sterile Processing Pay; Critical Staffing Extra Shift Bonuses; Retention Bonuses; Recruitment and Referral Bonuses; Signing and Sign-on Bonuses; and payments made via the EVS/Nutrition Incentive Program - in the regular rate used for the purpose of calculating the amount of overtime due and owing to all Plaintiffs and similarly situated employees, including those covered non-exempt employees entitled to overtime as provided by Section 207(a) of the FLSA and Section 104(c) of the PMWA.

## COUNT I – VIOLATION OF SECTION 207(a) of the FLSA

23.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 22.

24.     Covered non-exempt Plaintiffs and similarly situated employees have worked in excess of 40 hours in a workweek in the last three years.

25.     During the times that covered non-exempt Plaintiffs and similarly situated employees have worked in excess of 40 hours in a workweek, each Defendant has failed to provide covered non-exempt Plaintiffs and similarly situated employees in its employ with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the covered non-exempt Plaintiffs and similarly situated employees have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

26.     Specifically, Uniontown, individually and/or as a single integrated enterprise with WVU MEDICINE and/or as a joint employer with WVU MEDICINE, has failed to provide

covered non-exempt Plaintiffs and similarly situated employees in its employ with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the covered non-exempt Plaintiffs and similarly situated employees have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

27. One specific example of the failure described in preceding paragraphs is evident in pay records provided by Defendants to Plaintiff Alice Headlee. In the FLSA workweek beginning January 15, 2023, and ending January 21, 2023, Plaintiff Headlee worked a total of 49 hours. On or about January 27, 2023, Defendants WVU MEDICINE and Uniontown issued a paycheck to Plaintiff Headlee covering the two-week period from January 8, 2023, through January 21, 2003, which paid her 9 hours of overtime pay at a regular rate that was not calculated to include all remuneration, including Critical Staffing Pay and Incentive Pay. On average, every other FLSA workweek, at all times material to this action she was employed, Plaintiff Headlee has worked more than 40 hours and has not been paid overtime at one and one-half times a regular rate that includes all remuneration, including but not limited to Critical Staffing Pay and Incentive Pay.

28. By failing to pay covered non-exempt Plaintiffs and other employees similarly situated the overtime pay required under the law, each Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith. For example, each Defendant has failed to take reasonable steps to ensure all remuneration was accounted for in its calculations of its employees' regular rate of pay. As a result, at all times material herein, the Plaintiffs and similarly situated employees have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

29. As a result of the Defendants' willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to the covered non-exempt Plaintiffs and similarly situated employees an amount that has not yet been precisely determined. The employment and work records for the covered non-exempt Plaintiffs and similarly situated employees (including time and attendance records) are in the exclusive possession, custody and control of each Defendant and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and PMWA, 43 P.S. § 333.108. and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the covered non-exempt Plaintiffs and other employees similarly situated from which the amount of each Defendant's liability can be ascertained.

30. Pursuant to 29 U.S.C. § 216(b), the covered non-exempt Plaintiffs and similarly situated employees are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendants' failure to pay overtime compensation.

31. Covered non-exempt Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

32. Covered non-exempt Plaintiffs and similarly situated employees comprise a collective for purposes of a collective action under the FLSA Section 216(b), which collective is defined as all plaintiffs who have submitted consents in this case together with all covered and nonexempt current and former employees of Defendants who in the last three years worked in excess of forty (40) hours in a workweek and were denied overtime compensation at a rate of one-and-one-half times their regular rate of pay as required by the FLSA by the exclusion of

certain bonuses and incentive payments described elsewhere in this Complaint (hereafter "Proposed Collective").

33. The Proposed Collective is readily ascertainable from payroll records maintained and kept by WVU MEDICINE and/or the other Defendants.

34. All members of the Proposed Collective are and were at all times material to this action subject to the same pay policies and processes maintained by WVU MEDICINE and/or Uniontown.

35. Each member of the Proposed Collective has in the last three years worked in excess of 40 hours in a workweek for one or more Defendants and was denied the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth in the FLSA.

36. Upon information and belief, the Proposed Collective consists of over 400 individuals, and therefore joinder of all members is impracticable.

37. Plaintiffs' claims of Defendants' violation of the FLSA are common to all members of the Proposed Collective and their resolution will involve common issues of law and fact. In addition, separate adjudications will create a risk of decisions that are inconsistent with other Proposed Collective members' claims.

38. The undersigned attorneys are experienced in the litigation of wage and hour lawsuits and will fairly and adequately protect the interests of the Proposed Collective. Indeed, the undersigned attorneys are representing a group of employees of WVU Medicine and its West Virginia based affiliates in a nearly identical action currently pending in the Northern District of

West Virginia. *See Ashcraft et al. v. West Virginia United Health System, Inc. et al.*, 23-cv-00230-JPB (filed June 15, 2023).

### COUNT II – FOR VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

39. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 38.

40. During the times that covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the state of Pennsylvania have worked in excess of 40 hours in a workweek, each Defendant has failed to provide covered non-exempt Plaintiffs and similarly situated employees in its employ with the rights and protections provided under the PMWA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the covered non-exempt Plaintiffs and similarly situated employees have worked in excess of the hourly standards set forth under the PMWA. *See* 43 Pa. Stat. Ann. § 333.104(c) ("Employes shall be paid for overtime not less than one and one-half times the employe's regular rate…").

41. By failing to pay covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the state of Pennsylvania the overtime pay required under the law, each Defendant has violated and is continuing to violate the PMWA. As a result, at all times material herein, Plaintiffs and similarly situated employees have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law in violation of PMWA.

42. As a result of the Defendants' violations of the PMWA, there have become due and owing to the covered non-exempt Plaintiffs and similarly situated employees currently or

formerly employed in the state of Pennsylvania an amount that has not yet been precisely determined. The employment and work records for the covered non-exempt Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of the Defendants and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed by the PMWA, 43 P.S. § 333.108 and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the covered non-exempt Plaintiffs and other employees similarly situated from which the amount of Defendants' liability can be ascertained.

43. Covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the state of Pennsylvania comprise a class for purposes of FRCP 23, which class is defined as all Plaintiffs who have submitted consents in this case together with all covered and nonexempt current and former employees of Defendants who in the last three years worked in Pennsylvania in excess of forty (40) hours in a workweek and were denied overtime compensation at a rate of one-and-one-half times their regular rate of pay as required by the PMWA (hereafter "Proposed Class").

44. The Proposed Class is readily ascertainable from payroll records maintained and kept by WVU MEDICINE and/or Uniontown.

45. All members of the Proposed Class are and were at all times material to this action subject to the same pay policies and processes maintained by WVU MEDICINE and/or Uniontown .

46. All members of the Proposed Class have in the last three years worked in excess of 40 hours in a workweek for one or more Defendants and each was denied the rights and

protections provided under the PMWA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth in the PMWA.

47. Upon information and belief, the Proposed Class consists of over 400 individuals, and therefore joinder of all members is impracticable.

48. Plaintiffs' claims of Defendants' violation of the PMWA are common to all members of the Proposed Class and their resolution will involve common issues of law and fact. In addition, separate adjudications will create a risk of decisions that are inconsistent with other Proposed Class members' claims.

49. The undersigned attorneys are experienced in the litigation of wage and hour lawsuits and will fairly and adequately protect the interests of the Proposed Class.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that each Defendant has individually, jointly, collectively, and/or as a single enterprise, willfully and wrongfully violated its statutory obligations under federal law and deprived each of the Plaintiffs and similarly situated employees in its employ of his or her rights;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiffs and similarly situated employees are entitled;

(c) Award Plaintiffs and similarly situated employees compensatory relief in the form of liquidated damages equal to their unpaid compensation as provided for by the FLSA and PMWA;

(d) Award Plaintiffs and similarly situated employees interest on their unpaid compensation;

(e) Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action, as provided for by the FLSA and PMWA; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Sammy Sugiura
Pa. Bar No. 209942
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, DC 20036
(202) 783-0010
ssugiura@mooneygreen.com
*Attorney Sugiura is serving as local counsel*

Arthur R. Traynor*
Lauren McDermott*
Mooney, Green, Saindon,
Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, DC 20036
(202) 783-0010
atraynor@mooneygreen.com
lmcdermott@mooneygreen.com
* *Pro Hac Vice* admission pending

*Counsel for the Plaintiffs and Similarly Situated*